UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LESTER RALSTON,

        Petitioner,                  Case No. 1:11-cv-1057

v.                                            Honorable Robert J. Jonker

PAUL KLEE,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice.

**Discussion**

    I.        Factual allegations

Petitioner James Lester Ralston presently is incarcerated at the Florence Crane Correctional Facility. He was convicted by a jury of aggravated stalking, MICH. COMP. LAWS § 750.411i. On January 6, 2009, he was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to a prison term of twenty-eight to ninety months.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising two grounds: (1) the prosecution failed to present sufficient evidence to meet the statutory definition of violating a personal protection order; and (2) jury tampering. Petitioner raised the same two issues in the Michigan Supreme Court, which denied leave to appeal on July 26, 2010. Petitioner attempted to file a motion for reconsideration in the Michigan Supreme Court but the filing was rejected by the clerk as untimely under Michigan Court Rule 7.313(E) on September 21, 2010.

Petitioner filed a habeas application on or about December 30, 2010. *See Ralston v. Howes*, No. 1:11-cv-25 (W.D. Mich.). In his petition, he raised the following four grounds for relief: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; (3) the trial court violated his due process rights by refusing to allow Petitioner to attend pre-trial hearings; and (4) the trial court wrongly denied the admission of an exhibit. In the instant petition, Petitioner raises the same four grounds in addition to a claim of ineffective assistance of appellate counsel.

The Court dismissed the petition without prejudice because Petitioner had not exhausted his state-court remedies with respect to any of his claims. *See Ralston v. Howes*, No. 1:11-cv-25 (W.D. Mich. Feb. 22, 2011). In the instant petition, Petitioner contends that he filed a motion for relief from judgment in Ingham County Circuit Court on June 6, 2011, raising the following five grounds: (1) Miranda warnings were not given at the time of the arrest; (2) ineffective

assistance of counsel; (3) ineffective assistance of appellate counsel; (4) prosecutorial misconduct; and (5) judicial misconduct and invalid sentence. That motion was dismissed by the circuit court on June 24, 2011. Petitioner appealed the dismissal on August 9, 2011, and the appeal is still pending.

      II.      Exhaustion of State Court Remedies

As the Court stated with respect to Petitioner's previous petition, before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that the appeal of his motion for relief from judgment is still pending. Therefore, he has not yet exhausted his claims.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). As the Court stated in its previous opinion, absent tolling, Petitioner would have had until October 25, 2011, in which to file his habeas petition. However, the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his motion for relief from judgment several months before the end of

the statute of limitations period; thus, assuming Petitioner's motion tolled the statute of limitations, Petitioner will have ample time in which to return to this Court after the state-court review of his motion for relief from judgment is completed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (indicating that thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies).

For the foregoing reasons, therefore, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:    November 8, 2011              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE